# CHARLESTON

## MATHER v. MATHER.

Submitted February 25, 1908.    Decided December 22, 1908.

BUILDING AND LOAN ASSOCIATIONS—*Dissolution—Proceedings—Parties.*

> A. borrowed from a building association three several amounts at different times executing a deed of trust on the same property to secure each of said loans. A. entered into written agreements with B. who was to pay the dues, premiums and interest on said several loans and was to be subrogated to the rights of the association under said trust liens. B. paid to the association the amount of the first two loans and matured the stock on which the third loan was made. The association proceeded, under section 2284, Code 1906, to dissolve the incorporation appointing a trustee to act in conjunction with its board of directors in collecting all the money to which the association was entitled, selling all its property and distributing the proceeds thereof among the stockholders *pro rata* and winding up the affairs of the association. B. filed his bill praying that the correct balance due the association on the last trust lien be ascertained as well as the amount due him under his agreements with A. and that the property securing said amounts be sold to pay the association's first lien and the amount due him. A., the association in its corporate capacity, the trustee appointed by the stockholders and the trustees in the deeds of trust were made defendants to the bill. *Held:* The directors and stockholders of the association were not necessary parties. (pp. 650, 651.)

Absent: MILLER, JUDGE.

Appeal from Circuit Court, Wood County.

Bill by Melvin E. Mather against Ellis Mather and others. Decree for defendants, and plaintiff appeals.

*Reversed and Remanded.*

CHAS. A. KREPS, for appellant.

WM. BEARD, A. G. PATTON and F. P. MOATS, for appellees.

MCWHORTER, JUDGE:

On the 18th day of February, 1897, Ellis Mather borrowed $1,900 from the Homestead Building Association and to secure the re-payment thereof executed to B. M. Ambler and J. G. McCluer, trustees of the said building as-

sociation, a deed of trust on a certain lot in the city of Parkersburg. The said loan of $1,900 was reduced by the payment of $639.44 and a new loan in renewal of the old loan was made for $1,400, October 21, 1897, and a deed of trust executed to the above mentioned trustees on the same lot to secure the re-payment of the loan. And on December 2, 1898, the said Ellis Mather obtained a new loan of $2,600 from said building association and executed a new deed of trust upon the same property covered by the two former deeds of trust to secure the re-payment of said loan.

By agreement of October 21, 1897, the date of the execution of the second deed of trust by Ellis Mather and wife to said trustees of said building association, between Ellis Mather and his son Melvin E. Mather it was agreed that Melvin E. Mather, for any amounts paid on said loan of $1,900 or that he might pay on said loan of $1,400 whether as dues, premium and interest or as a credit thereon, should be subrogated to and have all the rights and benefits of the security given to said building association, and in event that Melvin Mather should fully pay off said deed of trust that the building association should not release or discharge said deed of trust but should assign to the said Melvin Mather all the benefits and rights that he might be entitled to by reason of said contract without recourse on said association. When the deed of trust of December 2, 1898, above mentioned, was executed another agreement similar to the last mentioned contract was entered into between Ellis Mather and Melvin Mather making a similar provision for subrogation in favor of Melvin Mather for any amounts paid as premium, dues, &c., on the former loans or that he might pay thereafter on the loan of December 2, 1898, to the said association.

At November rules, 1905, Melvin Mather filed his bill in the circuit court of Wood county against Ellis Mather, The Homestead Building Association, a corporation, B. M. Ambler and J. G. McCluer, trustees, and the Commercial Banking and Trust Company, a corporation, setting forth the several transactions above mentioned, the deeds of trust and the agreements between plaintiff and Ellis Mather, alleging that the said dues, premiums, &c.,

had all been paid up in full November 1, 1904, and the plaintiff having performed all covenants and agreements upon the part of Ellis Mather covered by the deeds of trust, that by virtue of section 1 of Article IV of the Constitution and by-laws of said Association providing that '' Whenever six years have elapsed from the date of issuing any series of stock, the value of the shares of stock in such series shall be ascertained by adding to the weekly dues paid in, the profits accrued to that time, and the holder of each share of stock in that series (all installments having been fully paid) shall receive the value of such share so ascertained, or a paid up certificate for such ascertained value as provided in the following section. Stockholders who have had loans in said series, and who have fully paid all dues, interest, premiums and fines shall receive the value so ascertained for each share of said series, as a credit on their respective loans as of that date, and the balance remaining due on said loans shall then become due and payable, and on payment of such balance, with interest until paid, the securities given for such loans shall be cancelled, satisfied and released of record. And such series of stock shall be declared closed as of that date,'' the said Ellis Mather having fully performed his covenants and agreements, the plaintiff was entitled to be subrogated to the rights of the said association, the plaintiff having paid in all $4,191.27. Alleging that on February 6, 1905, at a meeting of the stockholders of said Homestead Building Association, The Commercial Banking and Trust Company was appointed trustee and in conjunction with the Board of Directors was given power to wind up the affairs of the association; that plaintiff was unable to make a settlement with the said association so as to enforce his rights as a subrogated creditor. Praying that the balance due upon the loan, under the deed of trust of December 2, 1898, aforesaid, in favor of the said association be ascertained and decreed in accordance with the rights of the parties; that complainant have a decree against said Ellis Mather for the amount of principal and interest of the payments made by him for dues, interest, &c., and according to the provisions of his contract with said Ellis Mather; that there be a sale of the property covered by the said several deeds of trust

and that the rights of complainant be fully protected in conformity with said deeds of trust and his contract of subrogation.

The Commercial Banking and Trust Company appeared and demurred to plaintiff's bill assigning as cause:

"First: That the said plaintiff, by the allegations of his said bill, has not made out such a case as to entitle him to any relief in a court of equity, between the parties to his said bill.

"Second: As shown on the face of plaintiff's said bill, The Homestead Building Association has been dissolved and is in process of voluntary dissolution by resolution of the stockholders of said corporation, and the relief prayed for by the plaintiff is such that no final decree granting to the plaintiff the relief asked in and by his said bill, can be made or entered by this Honorable Court until the Board of Directors of said Homestead Building Association and the stockholders of said association, as well as any creditors thereof, have been ascertained and a full and complete settlement of the affairs of said association is had in due course of liquidation, and winding up of the affairs of said association.

"Therefore, the plaintiff's said bill is incomplete as to necessary parties."

On March 12, 1906, the cause came on to be heard upon the demurrer of said Trust Company and the court sustained said demurrer and, the plaintiff declining to amend his bill and make additional parties thereto, the same was dismissed with costs to defendant Trust Company. From which decree plaintiff obtained an appeal and *supersedeas.*

This is not a suit by a stockholder against the corporation and the other stockholders to wind up the affairs of the corporation, but it is a suit by one who is not a stockholder but who has the right of subrogation, under contracts with a stockholder, to the rights of the corporation under deeds of trust executed by such stockholder to secure the corporation certain loans to said stockholder, and which have been paid as to the corporation. The stockholders of the corporation had, in pursuance of section 2284, Code 1906, taken action for the voluntary dissolution of the corporation by the appointment of a trustee whose duty it was made to act

in conjunction with the board of directors of said corporation, to collect the assets and sell the property of the corporation and distribute the proceeds among the stockholders *pro rata* as provided in said section, after paying the debts of the corporation. Neither the corporation nor the stockholders have an interest in this suit except in the ascertainment of the correct amount due to the corporation or association upon the last loan of $2,600, borrowed on the 13 shares by Ellis Mather, which amount it was the duty of the board of directors and the trustee in conjunction to ascertain and collect as a part of the assets of the corporation, and whatever may be found to be due thereon is a lien upon the property involved prior to the liens under the former deeds of trust, to which the plaintiff is now entitled by subrogation. The priority of the association's lien is conceded by the plaintiff, the same having been paid to the association by the plaintiff. Section 2287, Code 1906, provides that when a corporation shall expire or be dissolved, its property and assets shall, under the order and direction of the board of directors then in office or of the receiver or receivers appointed for the purpose by such circuit court as is mentioned in the 57th section of this chapter, be subject to the payment of the liabilities of the corporation, and the expenses of winding up its affairs, &c., and suits may be brought, continued or defended, the property real or personal of the corporation be conveyed or transferred under the common seal or otherwise, and all other acts be done in the corporate name in like manner and with like effect as before such dissolution or expiration, but so far only as shall be necessary or proper for collecting the debts and claims due to the corporation, converting its property and assets into money, prosecuting and protecting its rights, enforcing its liabilities and paying over and distributing its property and assets or the proceeds thereof to those entitled thereto. See *Donnally* v. *Herndon*, 41 W. Va. 519. The ascertainment of the balance due the association on the loan of December 2, 1898, from Ellis Mather is no more difficult than that of the indebtedness of any other borrower from the association. And for the purpose of ascertaining the amount due and selling the property for the amount so ascertained, the association in its corporate capacity,

the trustee, the debtor and the trustees in the deeds of trust are all the parties necessary to be brought in, the stockholders in such suit being represented by the corporation defendant and the trustees. 1 Bart. Chy. Pr. 225. *Van Vechten* v. *Terry*, 2 Johns. Chy. 197, was a case where real estate had been purchased by a joint fund raised by the subscriptions of over 250 shares of subscribers and the property was conveyed to A. B. & C. trustees; on a bill for the sale of the premises under a mortgage made to the plaintiffs by the trustees, it was held not necessary that the subscribers or stockholders should be made parties, the trustees sufficiently representing all the interests concerned for that purpose. In the opinion in that case it is said: "It would be intolerably oppressive and burdensome to compel the plaintiffs to bring in all the *cestui que trusts.*" See also *Buck* v. *Pennybacker*, 4 Leigh 5. Where suit is brought against a corporation it may defend in the corporation name when it is for the protection of the assets, looking to the collection thereof and distributing the same to creditors, under section 2287, Code 1906. In case of trustees, acting under the deeds of trust given by Ellis Mather, should attempt to collect the balance due on the trust deed and a dispute should arise as to the amount of the debt, the duty of the trustees would be to institute a suit in equity to ascertain the amount before proceeding to sell; in such case the suit would be brought pursuant to said section 2287 for the purpose of collecting the assets for final distribution to creditors and stockholders.

The demurrer should have been overruled, therefore the decree of dismissal is reversed and annulled and the cause remanded for further proceedings to be had therein.

*Reversed and Remanded.*